UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 09-CV-528 |
| v. ) ) ) | **COMPLAINT** |
| JP MORGAN CHASE, ) ) | (Jury Trial Demand) |
| Defendant. ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices on the basis of race and sex (pregnancy), and to provide appropriate relief to Lisa R. McCurty, who was adversely affected by such practices. JP Morgan Chase refused to promote McCurty from her position as teller to the position of Sales and Service Associate because of her race, African American, and her pregnancy.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the Western District of Wisconsin.

1

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the defendant, JP Morgan Chase ("Morgan Chase" or "Employer"), has been a global financial services firm, doing business in the State of Wisconsin and the City of Monona, and has continuously had at least 15 employees.

5. At all relevant times, Morgan Chase has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Lisa R. McCurty ("McCurty") filed a charge with the Commission alleging violations of Title VII by Morgan Chase. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October, 2008, Morgan Chase has engaged in unlawful employment practices at its Monona, Wisconsin branch, in violation of Section 701(k) and 703(a) of Title VII, 42 U.S.C. § 2000e(k) and § 2000e-2(a). Such practices include, but are not limited to refusing to promote McCurty to the position of Sales and Service Associate because of her race (African American) and her sex (pregnancy), and selecting, instead, a less qualified white male.

8. The effect of the practices complained of in paragraph 7 above has been to deprive McCurty of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and sex.

9. The unlawful employment practices complained of in paragraph 7 were and are intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Lisa McCurty.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Morgan Chase, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based upon race and/or sex.

B. Order Defendant Morgan Chase to institute and carry out policies, practices, and programs which provide equal employment opportunities for African American and pregnant female employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Morgan Chase to make whole Lisa McCurty, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place promotion.

D. Order Defendant Morgan Chase to make whole Lisa McCurty, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

E. Order Defendant Morgan Chase to make whole Lisa McCurty by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant Morgan Chase to pay Lisa McCurty punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

Dated:  August 21, 2009     s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney

Dated:  August 21, 2009     s/ Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney

s/Brian C. Tyndall
Brian C. Tyndall
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Milwaukee Area Office
310 West Wisconsin - Suite 800
Milwaukee, WI 53202
*Telephone*:  (414) 297-3548
*Fax:*      (414) 297-3146

*E-mail*:    john.hendrickson@eeoc.gov
*E-mail*:    jean.kamp@eeoc.gov
*E-mail*:    brian.tyndall@eeoc.gov