IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                        Plaintiff,                                    ORDER

    v.

                                                                      09-cv-528-slc

JPMORGAN CHASE BANK, N.A.,

                        Defendant.

---

      At a telephonic motion hearing back on April 28, 2010, the court reserved its ruling on plaintiff's discovery of additional "comparator" information from defendant and allowed the parties to supplement the record with additional briefing. *See* dkts. 24 (text only order) and 30 (transcript of hearing). Both sides did so, (dkts. 25 & 27) then defendant filed an unbidden response to plaintiff's brief (dkt. 28), prompting a motion to strike by plaintiff (dkt. 31), which in turn prompted defendant's request to strike the request to strike (dkt. 32). The court failed promptly to snip these loose threads, which allowed time for plaintiff to file a motion for leave to file deposition testimony supporting its position on the underlying dispute (dkt. 33, accompanied by dkts. 34-36), which led to a brief in opposition by defendant (dkt. 37).

      As a procedural matter, the court does not want to encourage the parties to file unbidden submissions in the hope of getting another kick at the cat, which inevitably leads the other side to cry foul. On the other hand, at least in this instance, I won't pretend that I haven't looked at what the parties have submitted. The bottom line is that I am not persuaded that the additional comparator information sought by plaintiff is relevant at all; it certainly is not

sufficiently relevant to outweigh the burden of production; therefore, pursuant to F. R. Civ. Pro. 26(b)(2)(C)(iii), the evidence is not discoverable at this time.

Initially, plaintiff argued essentially that the standards for comparables are "looser" when plaintiff seeks the evidence to show pretext as opposed to meeting her prima facie burden of persuasion. In *Bell v. EPA*, 232 F. 3d 546 (7th Cir. 2000), the court held that evidence showing an employer's general pattern of discriminatory hiring while "only one small part of a substantial web of evidence indicating pretext," nevertheless could be relevant to showing pretext in an individual treatment case if it met the standard of F.R.Ev. 401. *Id.* at 553. Evidence of intentional discrimination can include "evidence, *whether or not rigorously statistical*, that employees similarly situated to the plaintiff other than in the characteristic (pregnancy, sex, race, or whatever) on which the employer is forbidden to base a difference in treatment received systematically better treatment." *Id.* at 554 (emphasis in original). *Ceteris paribus*, the *Bell* decision supports plaintiff's position on the contested discovery.

But in *Bell*–and *Kidd v. Illinois State Police*, 167 F.3d 1084 (7th Cir. 1999), also cited by plaintiff–the dispute was whether *existing* statistical evidence was relevant, admissible and persuasive. In the instant case, there is no statistical evidence; indeed, the dispute here is over whether even to allow discovery of the underlying data. And it is now much too late: plaintiff, in its November 24, 2009 joint Rule 26(f) report to the court, suggested that it would disclose its experts by January 18 2010, *see* dkt. 10 at 3, and the court granted that request and imposed that deadline on plaintiff in the preliminary pretrial conference order, *see* dkt. 13 at 2. It seems that plaintiff didn't even serve the contested discovery until January 22, 2010, *see* dkt. 18 at 1.

Therefore, the disputed comparable evidence is not discoverable on the ground that it could be used to generate relevant statistical evidence of disparate treatment.[1]

Still, the requested evidence could be discoverable under Rule 26(b)(1) in this individual treatment case if it led to–or even if it was was reasonably calculated to lead to–additional employees comparable to Lisa McCurty. This leads to the second dispute between the parties: is the decision maker Evan Wing, as defendant contends, or Ron Fillon, as plaintiff contends? If it's Wing, then the disputed evidence is almost certainly irrelevant; if it's Fillon, then plaintiff has a stronger argument for disclosure. *See, e.g., Radue v. Kimberly-Clark Corp.,* 219 F.3d 612, 618 (7th Cir. 2000); *Barricks v. Eli Lilly and Co.*, 481 F.3d 556, 560 (7th Cir. 2007).

Plaintiff recently filed deposition transcripts for Mary Ann McKilligin, Tres Garza and Adam Baker to establish that Fillon made the decision not to promote McCurty, and to establish that the burden of producing the disputed data is not as great as defendant has claimed. *See* dkt. 33 and attached exhibits. Defendant responded that plaintiff was trying to mislead the court by drawing speculative inferences from the testimony of second-hand witness rather than wait to find out what Wing and Fillon actually say at their own depositions (which presumably will mirror declarations they already have filed in this case). *See* dkt. 37.

Although it seems from defendant's proffer that plaintiff deposed Wing last week and will be deposing Fillon later this week, rather than clutter the record with another round of supplemental filings, I am going to deny the pending motion without prejudice. Plaintiff has not

---

[1] Plaintiff also cites *Bell* for the proposition that it is irrelevant to discoverability that plaintiff would need expert testimony to make sense of the data, *see* dkt.25 at 3 & n.2. First, the quote employed by plaintiff does not stand for the proposition cited, and second, plaintiff doesn't seem to appreciate the timing quandry confronting it: plaintiff's deadline to name experts passed 5½ months ago. It is pointless at this juncture to generate raw data that cannot be processed and analyzed by someone qualified to do so.

sufficiently established that the requested discovery is sufficiently relevant to justify the claimed cost of production. The deposition transcripts submitted by plaintiff do not show that Fillon actually was a decision maker on McCurty's SSA application. Plaintiff's evidence intended to impeach defendant's claim of undue burden is not sufficiently developed to convince the court that the juice is worth the squeeze.

Perhaps it goes without saying that denial of a discovery motion is without prejudice, since civil discovery is an ongoing process. If plaintiff develops new evidence sufficient to justify the time and expense of reconsideration, then undoubtedly it will so move. If we travel this path again, the parties should expect at least cost-shifting under Rule 37(a)(5), whether they ask for it or not.

ORDER

It is ORDERED that the remainder of plaintiff's motion to disclose evidence is DENIED.

Entered this 7th day of June, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge