IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.,

Defendant.

OPINION AND ORDER

09-cv-528-slc

---

Before the court is plaintiff EEOC's August 11, 2010 motion to compel discovery. Dkt. 105. Plaintiff seeks an order compelling production by defendant JPMC of: 1) information (including race, gender, date of hire and positions held) regarding all employees at the JPMC Monona Branch from January 1, 2005 to December 31, 2009; and 2) affirmative action plans and diversity hiring goals applicable to the JPMC Monona Branch and any document reflecting the Branch's compliance with those plans or goals for the last five years. In a footnote, the EEOC also asks the court to reconsider its June 8, 2010 decision restricting discovery regarding comparables to JPMC's Monona Branch, on the ground that it now has proof that the district manager, Ron Fillon, was involved in the decision not to promote McCurty to the SSA position. Br. in Supp. of Mot. to Compel, dkt. 106, footnote 1.

I will deal with the Fillon issue first. Fillon's involvement in the decision not to promote McCurty to the SSA position has been a matter of dispute between the parties since mid-April, when the EEOC filed its first motion seeking data on comparator employees in JPMC's Wisconsin Central District. After a hearing and three rounds of briefing, I determined that the evidence that Fillon was the decisionmaker was too meager to justify the burden to defendant of the claimed cost of production of district-wide employee information. Order, June 8, 2010, dkt. 38 at 3-4. I observed, however, that if the EEOC developed new evidence "sufficient to justify the time and expense of reconsideration, then undoubtedly it will so move." *Id*. at 4.

On July 6, 2010, plaintiff received from defendant a CD containing a November 24, 2008 email from Fillon to Market Manager Susan Schultz requesting approval to seek external applicants for the October 2008 SSA opening and stating that McCurty "was not ready to move into the position." Aff. of Camille A. Monahan, dkt. 104, ¶1, exh. 1. Notwithstanding this evidence, the EEOC took the position in its summary judgment papers, filed a week later, that Wing was the "sole hiring manager" for the October 2008 SSA position for which McCurty had applied and that "Fillon had no role in the hiring decision for the position and did not share his thoughts on McCurty's candidacy with anyone." Plt. Proposed Findings of Fact, dkt. 71, Nos. 46, 56. (The EEOC apparently took this stance to refute JPMC's contention that Fillon's meeting with McCurty in early December showed that Wing was still considering McCurty for the position at that time.) More than a month later, after the close of discovery and apparently without any warning to defendant's lawyers, the EEOC dropped a footnote in the present discovery motion seeking reconsideration of the June 8 order on the basis of the Fillon email.

Although the EEOC's failure to put its request in a motion or to meet and confer with JPMC are grounds enough for declining to reconsider, I would deny the request in any event because it is untimely. As the EEOC admits, it has had the CD containing Fillon's November 24, 2008 email since July 6, 2010. The EEOC does not say when it actually reviewed the CD or why it did not raise the issue in its response to the summary judgment motion, so I must assume that it saw it shortly after it received the CD from defendant. (It's logical to assume that the EEOC would have reviewed scrupulously any and all discovery from JPMC before responding to the summary judgment motion.) Waiting more than a month until after the close of discovery to request the court to re-open a hotly litigated discovery issue is too late, particularly given the enormous quantity of information that would come into play if this court were to grant the motion. The EEOC remains free at trial to change its position regarding Fillon's role in the

2

hiring decision, but it will have to make its discrimination case against JPMC on the existing evidence.

Moving on, I am denying the guts of the motion to compel because the other information sought is not likely to lead to the discovery of admissible evidence. The EEOC says that the data it seeks regarding all branch employees (not just SSA's) from 2005-2009 will shed light on "how JPMC treats internal candidates for promotion." As JPMC points out, however, the EEOC conceded in its summary judgment submissions that JPMC has no policy requiring its managers to choose an internal candidate over a more qualified external candidate. Further, the EEOC would have no basis to argue that McCurty's rejection was a deviation from any pattern reflecting an informal preference for internal candidates without also seeking discovery of the files of all applicants, internal and external. JPMC already has provided the EEOC with information regarding everyone whom Evan Wing played a role in hiring or promoting and has provided candidate files for all candidates, successful and unsuccessful, for any open SSA position at the Monona Branch for the past five years whether Wing was involved or not. This is enough.

As for affirmative action plans or diversity goals for the Monona Branch and documents showing the branch's compliance therewith, the EEOC appears to suggest that evidence that Wing or Fillon did not comply with the plan would support its claim because this would tend to show race or pregnancy discrimination. However, JPMC has asserted that it has no branch-specific goals or compliance requirements, and Wing testified that he has never seen an affirmative action plan or been apprised of any diversity hiring goals that he is to meet. Further, JPMC has produced Wing and Fillon's performance reviews. Finally, this is a disparate treatment case involving a single employment decision, not a pattern and practice case. For all these reasons, the EEOC's request for all documents "reflecting or relating to the compliance of

the [Monona Branch] with any applicable affirmative action plan or diversity hiring goals" is denied.

Finally, I have considered defendant's request for cost-shifting under Fed. R. Civ. P. 37(a)(5)(B). Cost-shifting is a make-whole mechanism that does not require a finding of bad faith on the part of the losing party. Cost-shifting appears appropriate here, but pursuant to the rule it cannot be ordered without giving the EEOC a chance to be heard. Accordingly, if JPMC wishes to pursue its costs, it has until October 8, 2010 to present an itemized list of expenses incurred defending against the EEOC's motion, along with any further argument on the points deemed relevant by the rule. The EEOC may have until October 15, 2010 to respond.

## ORDER

IT IS ORDERED that:

(1) The motion of plaintiff EEOC for an order compelling discovery (dkt. 105) is DENIED;

(2) Defendant JPMC has until October 8, 2010 to file any support for its cost-shifting request, with any response from the EEOC due by October 15, 2010.

Entered this 1st day of October, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge