IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                      Plaintiff,                        ORDER

v.

JPMORGAN CHASE BANK, N.A.,                    09-cv-528-slc

                      Defendant.

---

Defendant Chase Bank has objected to the court's jury instruction on circumstantial evidence and it has objected to allowing the jury to consider the EEOC's intersectional claim combining race and pregnancy discrimination. Chase Bank also objects to the court's jury instruction on how to consider circumstantial evidence. Having reconsidered Chase Bank's arguments, including those offered at the November 16, 2010 telephonic final pretrial conference, I am not changing anything substantive in the court's instructions.

I have kept in the instruction on circumstantial evidence that Chase Bank fears will cause the jury to stray into an improper *McDonnell-Douglas* burden shifting analysis. I remain convinced that the instruction is accurate. I am not persuaded that the instruction implies that Chase Bank ever assumes the burden of persuasion at trial. Even so, I have added a last sentence to the instruction to make this clear: "Keep in mind that the burden of proving discrimination remains on the EEOC at all times."

Chase Bank's objection to the court instructing the jury on an intersectional discrimination claim has more traction. It is not clear whether the Seventh Circuit Court of Appeals even recognizes intersectional discrimination claims. Because of this, it makes sense for a plaintiff alleging an intersectional claim to make this pellucid in its pleadings so that the issue

can be addressed squarely early in the case. The EEOC's complaint does not clearly state a separate intersectional claim. Even so, I stand by my conclusion stated at the November 16, 2010 that the EEOC's conjunctive pleading of race and sex/pregnancy discrimination suffices to withstand Chase Bank's argument that the EEOC never pled intersectional discrimination.

Even so, if there were actual prejudice–or even a strong likelihood of prejudice–to Chase from allowing the jury to consider this claim, then the court might strike the claim from the trial. Chase argues that it might have asked different questions of McCurty at her deposition, or it might have specifically sought summary judgment on the intersectional claim if it had known the EEOC was pleading it. But the alleged evidence of discrimination in this case is so narrow that it is hard to envision how these acts would have changed where we find ourselves at this juncture.

The heart of the EEOC's case is that Chase Bank's branch manager, Wing, declined to hire the internal candidate, McCurty, who was African American and pregnant, then chose an outside candidate who was white and male. There is a dispute as to when Wing removed McCurty from consideration, which is why we're having a trial, but beyond some ambiguous remarks attributed to Wing, there isn't a great deal more evidence beyond the fact that Chase hired the white male instead of the pregnant African American woman.[1] Under these circumstances, it is up to the jury to determine what motivated Wing's hiring decision. If the jury attributes a discriminatory motive to him, then on these facts, then there is no basis for the

---

[1] True, the EEOC unsuccessfully attempted to broaden this lawsuit into a state-wide pattern and practice case against Chase Bank. There is no need to revisit yet again the court's rebuff of this attempt at Chase's urging. I note, however, that this belies Chase Bank's claim at the November 16 hearing that it might have sought to introduce evidence of other "comparables" to obtain summary judgment on an intersectional claim. Chase steadfastly has resisted discovery on other hiring decisions by other managers at other branches. Wing, as a new branch manager, had no track record at all, let alone a record of hiring pregnant women who were not African American, or African American women who were not pregnant.

court to remove from the jury's consideration the possibility that it was the intersection of McCurty's race and pregnancy that caused Wing to pass her over, as opposed to just her race, or just her pregnancy. Because the court has broken the special verdict into three questions, and because the jury only reaches the intersectional discrimination question if it finds no racial discrimination and finds no pregnancy discrimination, there is no genuine danger of irremediable harm to Chase Bank by putting this question to the jury.

For these reasons, the court is denying Chase Bank's motion to strike the EEOC's intersectional claim from the trial.

Entered this 19th day of November, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge