IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br>v.<br>JPMORGAN CHASE BANK, N.A.,<br><br>            Defendant. | INTRODUCTORY INSTRUCTIONS<br><br>09-cv-528-slc |

## I. INTRODUCTORY INSTRUCTIONS

Members of the jury, we are about to begin the trial of this case. Before it begins, I will give you some instructions to help you understand how the trial will proceed, how you should evaluate the evidence, and how you should conduct yourselves during the trial.

The party who begins the lawsuit is called the plaintiff. In this action, the plaintiff is the Equal Employment Opportunity Commission, referred to as the "EEOC." The defendant in this action is JPMorgan Chase Bank, which usually is referred to as "Chase" or the "Bank." The Equal Employment Opportunity Commission has filed this lawsuit to seek relief on behalf of an individual named Lisa McCurty.

The EEOC alleges that Chase Bank discriminated against Lisa McCurty in violation of federal law on the basis of her race, which is African American, and her pregnancy. More specifically, the EEOC claims that Chase Bank did not promote Ms. McCurty to a Sales and Service Associate position that was open in October 2008 at the Bank's Monona Branch because of her race, pregnancy, or both.

Chase Bank denies that it failed to promote Ms. McCurty because of her race, pregnancy, or both. Chase Bank contends that it did not promote Ms. McCurty to the Sales and Service Associate position because she was not the best qualified applicant for the job.

The case will proceed as follows:

First, The EEOC's attorney will make an opening statement outlining plaintiff's case. After this statement, Chase Bank's attorney will make an opening statement outlining Chase's case. What is said in opening statements is not evidence; it is simply a guide to help you understand what each party expects the evidence to show.

Second, after the opening statements, the EEOC will introduce evidence in support of its claim. At the conclusion of the EEOC's case, Chase Bank may introduce evidence. Chase Bank is not required to introduce any evidence or to call any witnesses. If Chase Bank introduces evidence, then the EEOC may introduce rebuttal evidence.

Third, after the evidence is presented, the parties will make closing arguments explaining what they believe the evidence has shown and what inferences you should draw from the evidence. What is said in closing argument is not evidence. The EEOC has the right to give the first closing argument and to make a short rebuttal argument after Chase Bank's closing argument.

Fourth, I will instruct you on the law that you are to apply in reaching your verdict.

Fifth, you will retire to the jury room and begin your deliberations.

### All Litigants Are Equal Before the Law

In this case, the defendant Chase Bank is a financial institution. All parties are equal before the law. A financial institution is entitled to the same fair consideration that you would give any individual person.

### The Trial Schedule

The parties are predicting that this trial could last four days. The trial days will run from 9:00 a.m. until 5:00 p.m. You will get an hour for lunch and two additional short breaks, one in the morning and one in the afternoon.

## Avoiding Outside Influences

During recesses you should keep in mind the following instructions:

First, do not discuss the case either among yourselves or with anyone else during the course of the trial. The parties to this lawsuit have a right to expect from you that you will keep an open mind throughout the trial. You should not reach a conclusion until you have heard all of the evidence and you have heard the lawyers' closing arguments and my instructions to you on the law, and have retired to deliberate with the other members of the jury.

Second, do not permit any third person to discuss the case in your presence. If anyone tries to talk to you despite your telling him not to, report that fact to the court as soon as you are able. Do not discuss the event with your fellow jurors or discuss with them any other fact that you believe you should bring to the attention of the court.

Third, although it is a normal to converse with people with whom you are thrown in contact, please do not talk to any of the parties, their attorneys or the witnesses. By this I mean not only do not talk about the case, but do not talk at all, even to pass the time of day. In no other way can the parties be assured of the absolute impartiality they are entitled to expect from you are jurors.

Fourth, do not read about the case in the newspapers, or listen to radio or television broadcasts about the trial. If a newspaper headline catches your eye, do not examine the article further. Media accounts may be inaccurate and may contain matters that are not proper for your consideration. You must base your verdict solely on the evidence produced in court.

Fifth, no matter how interested you may become in the facts of the case, you must not do any independent research, investigation or experimentation. Do not look up materials on the internet or in other sources. Again, you must base your verdict solely on the evidence produced in court.

## Burden of Proof

You will hear the term "burden of proof" used during this trial. In simple terms, the phrase "burden of proof" means that the party who makes a claim has the obligation of proving that claim. At the end of the trial, I will instruct you on the proper burden of proof to be applied in this case.

## Evidence

Evidence at a trial includes the sworn testimony of the witnesses, exhibits admitted into the record, facts judicially noticed, and facts stipulated by counsel. You may consider only evidence that is admitted into the record.

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Evidence may be either direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

## Credibility of Witnesses

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

## Contradictory or Impeaching Evidence

A witness may be discredited by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe that a witness has been discredited, then it is up to you to decide how much of the testimony of that witness you believe.

If a witness is shown to have given false testimony knowingly, that is, voluntarily and intentionally, about any important matter, then you have a right to distrust the witness's testimony about other matters. You may reject all the testimony of that witness or you may choose to believe some or all of it.

The general rule is that if you find that a witness said something before the trial that is different from what the witness said at trial you are to consider the earlier statements only as an aid in evaluating the truthfulness of the witness's testimony at trial. You cannot consider as evidence in this trial what was said earlier before the trial began.

There is an exception to this general rule for witnesses who are the actual parties in the case. If you find that any of the parties made statements before the trial began that are different from the statements they made at trial, you may consider as evidence in the case whichever statement you find more believable.

### Drawing Inferences

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts you find have been proved, such reasonable conclusions as seem justified in the light of your own experience and common sense.

### Depositions

During trial the lawyers will refer to and read from depositions. Depositions are transcripts of witness testimony taken while the parties were preparing for trial. Deposition testimony is given by a witness under oath just like testimony on the trial. You should give it the same consideration you would give it if the witnesses was testifying here in court.

### Objections

During the trial, you will hear the lawyers make objections to certain questions or to certain answers of the witnesses. When they do so, it is because they believe the question or answer is legally improper and they want me to rule on it. Do not try to guess why the objection is being made or what the answer would have been if the witness had been allowed to answer it.

If I tell you not to consider a particular statement that has already been made, then you must put that statement out of your mind and you must not refer to it during your deliberations.

## Questions

During the trial, I might ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

If you wish to ask a question about something you do not understand, then write your question on a separate slip of paper. If, when the lawyers have finished all of their questioning of the witness, the question is still unanswered to your satisfaction, raise your hand, and I will take the written question from you, show it to counsel, and decide whether it is a question that can be asked. If it cannot, I will tell you that. I will try to remember to ask about questions after each witness has testified.

## Notetaking

The clerk will give each of you a notepad and pencil for taking notes. This does not mean you have to take notes; take them only if you want to and if you think they will help you to recall the evidence during your deliberations. Do not let notetaking interfere with your important duties of listening carefully to all of the evidence and of evaluating the credibility of the witnesses. Keep in mind that just because you have written something down it does not mean that the written note is more accurate than another juror's mental recollection of the same thing. No one of you is the "secretary" for the jury, charged with the responsibility of recording evidence. Each of you is responsible for recalling the testimony and other evidence.

Although you can see that the trial is being reported, you should not expect to be able to use trial transcripts in your deliberations. You will have to rely on your own memories.